**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MACKARTHUR MACK** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-1268** |
| **ENVIRONMENTAL RESTORATION, LLC,** *et al.* | **SECTION: I/4** |

## ORDER AND REASONS

Before the Court is a motion to dismiss filed on behalf of defendant, Environmental Restoration, LLC, ("Environmental Restoration") pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* for failure to state a claim upon which relief may be granted.[1] For the following reasons, defendant's motion is **GRANTED IN PART and DENIED IN PART.**

### *BACKGROUND*

Defendant hired plaintiff, Mackarthur Mack, on November 7, 2005.[2] Byron Hartman ("Hartman") was a site supervisor for Environmental Restoration, and Justin Gonzales ("Gonzales") was plaintiff's supervisor.[3] Plaintiff, an African-American male, claims that during the course of his employment he was "subjected to disparate and biased treatment in comparison to the other employees of a different race, who were Caucasian."[4] Plaintiff further claims that, since January 19, 2006, Gonzales used racial epithets, slurs, and jargon in plaintiff's

---

[1] R. Doc. No. 22, Mot. Dismiss Am. Compl.

[2] R. Doc. No. 18, Am. Compl. ¶ 13.

[3] *Id.* ¶ 11.

[4] *Id.* ¶ 13.

presence.[5]  Plaintiff contends that he was "subjected to work in [this] hostile environment over a period of time" until, on March 30, 2006, Gonzales physically attacked him.[6]

Plaintiff maintains that, to no avail, he notified Hartman of all the incidents.[7]  On April 1, 2006, plaintiff was informed that he should not return to work until Gonzales was reassigned.[8] Plaintiff alleges that Gonzales was never relocated, that plaintiff was "laid off and received paperwork stating he can be rehired," and that the termination was a result of his complaints against Gonzales and Hartman.[9]  On June 13, 2006, plaintiff filed a charge with the Equal Employment Opportunity Commission and he received notice of his right to sue on December 12, 2006.[10]

On March 12, 2007, plaintiff filed his original complaint, asserting multiple claims under federal and Louisiana law.[11]  Defendants, Environmental Restoration, Gonzales, and Hartman,

---

[5] *Id.* ¶¶ 13, 16.  Specific instances of this behavior include:  (1) on January 19, 2006, Gonzales stated that he, himself, was a racist; (2) on March 27, 2006, plaintiff asked Gonzales how long plaintiff would be employed and Gonzales replied that it would be for the duration of the job and that "for [plaintiff's] black ass the duration ends today"; and (3) also on March 27, 2006, plaintiff requested a day off and Gonzales began imitating monkey sounds and "stated that he hated all niggers."  *Id.* ¶¶ 22-23.  The amended complaint also alleges that plaintiff "encountered months of racial discrimination as noted on the attached CD."  The Court did not take into account any information on the CD as it has not been filed with the Court and the Court is limited in its review with respect to a Rule 12(b)(6) motion.

[6] *Id.* ¶¶ 13-14, 17, 24.

[7] *Id.* ¶¶ 14, 16.

[8] *Id.* ¶ 25.

[9] *Id.* ¶¶ 15, 25.

[10] *Id.* ¶ 12.

[11] R. Doc. No. 1, Compl.  Plaintiff's original complaint included claims for racial discrimination and retaliation, physical and mental suffering, depravation and violation of his civil rights, and lost wages against three defendants, Environmental Restoration, Gonzales, and Hartman.  *Id.*

filed a motion to dismiss for failure to state a claim on June 4, 2007.[12] The Court granted in part and denied in part their motion to dismiss.[13] Specifically, the Court dismissed plaintiff's claims for: (1) unlawful employment practices against the individual defendants, *i.e.,* Hartman and Gonzales, pursuant to 42 U.S.C. § 2000e; (2) discrimination pursuant to § 1983, the United States Constitution, and the Louisiana Constitution; and (3) damages pursuant to Louisiana Civil Code article 2315.[14] The Court further allowed plaintiff to amend his complaint in accordance with the Court's order.[15]

On August 16, 2007, plaintiff filed his amended complaint which enumerated several grounds for relief, including Title VII of the Civil Rights Act of 1964, the United States Constitution, the Louisiana Constitution, and 42 U.S.C. §§ 1981, 1983, and 1985.[16] Plaintiff's amended complaint includes claims alleging racial discrimination, hostile work environment, retaliation, and deprivation and violation of constitutional and civil rights.[17]

Environmental Restoration filed this motion to dismiss the amended complaint for failure to state a claim arguing that plaintiff's amended complaint: (1) continues to assert claims dismissed by the Court previously, (2) fails to provide any discernable facts supporting a claim pursuant to 42 U.S.C. §§ 1981 and 1985, (3) fails to provide evidence in support of a continuing-violation exception to the one-year statute of limitations applicable to §§ 1981 and 1985, and (4)

---

[12] R. Doc. No. 4, Mot. Dismiss Compl.

[13] R. Doc. No. 14, August 3, 2007, Order.

[14] *Id.* at 10.

[15] *Id.*

[16] Am. Compl. ¶ 1.

[17] *Id.*

3

asserts claims in such a vague and conclusory fashion that plaintiff fails to state a claim pursuant to Title VII.[18]

## *LAW AND ANALYSIS*

**I.      Standard of Law**

*A.      Dismissal for Failure To State a Claim*

A district court can dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief.  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)); *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957); *Blackburn v. Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted.  *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff.  *Spivey,*197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

"However, '[i]n order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . . .'"  *Guidry v. Bank of LaPlace*, 954 F.2d 278,

---

[18] Mot. Dismiss Am. Compl.; R. Doc. No. 23, Mem. Supp. Mot. Dismiss.

281 (5th Cir. 1992) (*quoting Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)).

"'[C]onclusory allegations and unwarranted deductions of fact are not admitted as true' by a motion to dismiss." *Id.* (*quoting Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)). "'[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'" *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (*quoting* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 156-59 (3d ed. 2004)).

**II.    Discussion**

*A.    Claims Previously Dismissed*

The Court previously dismissed, with prejudice and without leave to amend, plaintiff's complaints pursuant to 42 U.S.C. §§ 1983, the United States Constitution, and the Louisiana Constitution.[19] To the extent that plaintiff's complaint realleges any of these claims, those claims are dismissed in accordance with the Court's prior order.[20]

*B.    Claims Pursuant to 42 U.S.C. § 1981*

In order to establish a discrimination claim pursuant to § 1981, the complaint must contain facts regarding the following elements: "'(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the

---

[19] August 3, 2007, Order. The Court also dismissed any claim arising pursuant to Louisiana Civil Code article 2315, but those claims are not realleged in the amended complaint. *Id.*

[20] Plaintiff's amended complaint merely mentions these previously dismissed statutes and grounds for relief. Am. Compl. ¶¶ 1, 4, 5, 19, 26, 29.

discrimination concerns one or more of the activities enumerated in the statute.'"[21] *Felton v. Polles*, 315 F.3d 470, 483 (5th Cir. 2002) (*quoting Green v. State Bar*, 27 F.3d 1083, 1086 (5th Cir. 1994)).

Plaintiff alleges that he was discriminated against based upon his race, but not that the discrimination he faced concerned any activity enumerated in § 1981. "Section 1981 does not provide a general cause of action for race discrimination. Rather, it prohibits intentional race discrimination with respect to certain enumerated activities." *Arguello v. Conoco*, 330 F.3d 355, 358 (5th Cir. 2003). Because plaintiff has not alleged discrimination concerning any specific activity enumerated in § 1981, any claims pursuant to that section are dismissed.[22]

C.    *Claims Pursuant to 42 U.S.C. § 1985*

Section 1985 makes it unlawful to conspire with others for the purpose of interfering with another's civil rights. 42 U.S.C. § 1985. In order to avoid being dismissed for failure to state a claim pursuant to § 1985(3),[23] plaintiff "must allege that two or more persons has conspired to

---

[21] Section 1981 provides:
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981 (2006).

[22] Plaintiff only mentions § 1981 once in his amended complaint. Am. Compl. ¶ 1. However, due to the liberal pleading standard of Rule 8(a), the Court searched all of the pleadings for facts that would support the third prong of a § 1981 claim.

[23] Neither party contends that plaintiff is bringing a claim pursuant to § 1985(1) or (2). Subsection (1) only applies if a conspiracy to prevent an officer from performing his duties occurs. Plaintiff is not an officer and, therefore, this subsection does not apply. 42 U.S.C. § 1985(1). Subsection (2) only applies if a conspiracy to deter a party or witness from attending court or from testifying or to obstruct or impede justice occurs. *Id.* § 1985(2). Plaintiff has not alleged any facts concerning obstruction of justice or intimidation of a party, witness, or juror. Therefore, subsection (2) is not a validly alleged claim. The only subsection that plaintiff has potentially alleged is

directly, or indirectly, deprive him of the equal protection of the laws or equal privileges and immunities under the laws." *Green*, 27 F.3d at 1089.  Not only has plaintiff failed to allege any facts suggesting a conspiracy for the purpose of depriving him of his rights, but he has failed to allege any sort of agreement entered into for the purpose of depriving him of his rights.  *See DeLeon v. City of Haltom City*, 106 Fed. App'x 909, 911 (5th Cir. 2004).  Therefore, any claims pursuant to § 1985 are dismissed.

D.     *Title VII Claims*

Plaintiff alleges that he was subjected to disparate and biased treatment, subjected to a hostile work environment, and retaliated against based upon his race.[24]  Defendant argues that these statements, together with the facts alleged, do not state a claim for racial discrimination.[25]  However, an employment discrimination plaintiff shall provide the defendant fair notice of plaintiff's claim and the grounds upon which the claim rests.  *Brittain v. Trane Am. Standard*, 58 Fed. App'x 596 (5th Cir. 2003); *see Swierkiewicz v. Soreman N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.").

Plaintiff alleges sufficient facts to meet this standard.  He alleges that he was terminated based upon his race in violation of Title VII,[26] details specific events leading to the termination,[27]

---

subsection (3).

[24] Am. Compl. ¶¶ 10, 13, 15-18.

[25] Mem. Supp. at 3-4.

[26] Am. Compl. ¶ 1.

[27] *Id.* 24-25.

7

gives specific facts demonstrating racial animus,[28] details defendant's notice of discrimination,[29] claims that he was laid off as a direct result of filing a complaint,[30] and states that Gonzales was not relocated or terminated.[31]  These allegations are sufficient to put defendant on notice and, therefore, to state claims for disparate-treatment, hostile work environment, and retaliation.

Accordingly,

**IT IS ORDERED** that defendant's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED IN PART and DENIED IN PART**.  Plaintiff's claims for discrimination pursuant to 42 U.S.C. §§ 1981, 1983, 1985, the United States Constitution, and the Louisiana Constitution are **DISMISSED WITH PREJUDICE**.  Defendant's motion to dismiss plaintiff's claims for disparate treatment, retaliation, and hostile work environment is **DENIED**.

New Orleans, Louisiana, October ____19th___, 2007.

*[signature]*

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[28] *Id.* ¶¶ 22-24.

[29] *Id.* ¶ 14, 22.

[30] *Id.* ¶ 15.

[31] *Id.* ¶ 25.